Edward Nathaniel CARLTON,
Plaintiff–Appellant,

v.

Laura BAIRD, Defendant–Appellee.

No. 03–1294.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

## ORDER

Edward Nathaniel Carlton, a Michigan state prisoner, appeals pro se a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carlton filed this complaint naming a state court judge as defendant and seeking $750 in damages. He alleged that defendant had refused to file a complaint he tendered because he could not pay the initial filing fee. (This complaint was also dismissed in the district court for failure to

pay a partial filing fee, but was later reinstated.) Carlton also moved to amend the complaint to add as defendants two employees of the state court clerk's office, and numerous prison employees who were alleged to have engaged in racial discrimination, harassment and retaliation against Carlton prior to the filing of the complaint, when Carlton was found guilty of a rule infraction and terminated from his prison employment.

The district court denied the motion to amend and dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Carlton's motion for reconsideration was denied. On appeal, Carlton reasserts both the claims raised in his original complaint and those from his proposed amended complaint, and he contends that his motion to amend was wrongfully denied and that none of the defendants was entitled to absolute immunity.

Upon consideration, we conclude that the district court was required to dismiss this complaint because it sought monetary relief from a defendant who is entitled to absolute immunity. 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Judges are absolutely immune from suit for monetary damages unless the action complained of was non-judicial or was performed in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Neither exception applied in this case, and the absolute immunity of the defendant therefore compelled dismissal.

The district court also properly denied the motion to amend the complaint. The amendment would have been futile to the extent that it sought to add the two clerk's office employees as defendants, as they are also entitled to quasi-judicial im-

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Ken-  tucky, sitting by designation.

munity. *Johnson v. Turner*, 125 F.3d 324, 332 (6th Cir.1997). The remainder of the proposed amended complaint concerned events occurring before the original complaint was filed that were totally distinct from the allegations of the original complaint, against an entirely different set of defendants. The district court properly concluded that an amendment would not be the proper method to raise these separate, new causes of action. *See Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997). Carlton's proposed amendment was apparently an attempt to avoid payment of the filing fee for what was properly a separate action.

Accordingly, the judgment dismissing this complaint and denying the motion to amend is affirmed for the reasons stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.