[Cite as *White v. White*, 2011-Ohio-2434.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| VONDELERE B. WHITE | : | |
| | : | Appellate Case No. 24391 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 79-DR-969 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| CURTIS WHITE | : | Court, Domestic Relations) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of May, 2011.

. . . . . . . . . . .

VONDELERE B. WHITE, 4918 Tenshaw Drive, Dayton, Ohio 45418
        Plaintiff-Appellant, *pro se*

KONRAD KUCZAK, Atty. Reg. #0011186, 130 West Second Street, Suite 1010, Dayton, Ohio 45402-1588
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}  Plaintiff-appellant Vondelere White appeals a domestic relations court's denial of her motion asking the court to allocate her a portion of her former husband's, defendant-appellee Curtis White's, pension benefits.

{¶ 2}  Mrs. White was granted a divorce in July 1979, when a domestic relations court entered a final judgment and decree of divorce. Since then, she has filed numerous pro

se motions seeking relief from that judgment under Civ.R. 60(B), all of which have been denied. Mrs. White has appealed five times to this court. We affirmed in each of those cases, and we do so again here.

{¶ 3} On December 24, 2009, Mrs. White filed a motion asking the domestic relations court for an order, and QDRO, allocating her a portion of Mr. White's pension benefits. At the hearing that was held before a magistrate, Mrs. White testified that she believes she is vested in the plan and therefore equally entitled to a portion of the pension benefits. She told the magistrate that she contacted the pension plan administrator, Fidelity Investments, and asked why she was not getting her portion. Fidelity told Mrs. White that it needed a QDRO with her name on it. Mrs. White claimed at the hearing that she was also entitled to the pension benefits that she should have received, beginning in October 1998 when Mr. White started receiving pension benefits. The divorce decree, however, does not award her any pension benefits. On cross examination, Mrs. White admitted that she received a copy of the divorce decree soon after the final hearing. But, she told the magistrate, "I didn't agree with the contents of it, but it was over and I couldn't get it changed. I tried to get it amended, but Mr. O'Hara [her attorney] wouldn't do it." (Tr. 9).

{¶ 4} Finding that Mrs. White was again seeking relief under Civ.R. 60(B), despite having been denied relief on that basis multiple times, the magistrate denied the motion. Mrs. White objected to the magistrate's decision.

{¶ 5} On November 15, 2010, the trial court overruled her objections and adopted the magistrate's decision. The trial court, too, found that the motion was simply another attempt to modify or set aside the divorce decree. The court concluded that the motion was properly

denied on res judicata grounds.

{¶ 6}   Mrs. White filed a timely appeal from the denial of her motion, pro se. Although her appellate brief does not present assignments of error, see App.R. 16(A)(3), her clear contention is that the trial court erred by denying her motion. Mrs. White's principal basis for this contention is her assertion that, under the terms of the pension plan, she has a vested right to a portion of the benefits. We conclude that the trial court properly denied the motion.

{¶ 7}   Mrs. White's motion does not make its procedural basis clear. It suggests that it is being made under Civ.R. 60(A). "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." Id. (Citation omitted.). It is, as one court has put it, an apparent "'blunder[] in execution.'" *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 247 (Citation omitted.). The divorce decree here is utterly silent concerning Mr. White's pension plan or retirement benefits generally. It is not at all apparent from the record that the domestic relations court inadvertently omitted to divide retirement benefits. Indeed, combing through the entire record, we found no reference whatsoever to retirement benefits. There is simply no evidence that the court intended to divide the retirement benefits but forgot to mention it in the decree.

{¶ 8}   Both the magistrate and the trial court, however, considered Mrs. White's motion to have been made under Civ.R. 60(B). Civil Rule 60(B) gives courts the authority to

relieve a party from a final judgment for certain reasons, enumerated in the rule.

{¶ 9}  This court, and the courts below, have dealt with this issue, in this case and others that the appellant has filed, several times. In the appeal of the denial of her Motion for Relief from Judgment filed October 18, 1988, this court stated:  "Any complaint with the terms of the 1979 divorce decree was put to rest with the conclusion of the proceedings attending the granting of that decree. There was nothing in Mrs. White's 'Rule # 60-B-Motion' to suggest that the evidence she now claims establishes the alleged 1979 common-law marriage was 'newly discovered evidence.'" *White v. White* (Dec. 8, 1989) Montgomery App. No. 11648. Mrs. White filed another motion for relief on April 8, 1996. Although the thrust of that motion concerned the termination of her coverage under Mr. White's medical benefits, she did request "one half of all defendant['s] past and present assets."  April 8, 1996 Motion for Relief from Judgment, p. 3. In the tardy appeal of the denial of that 1996 motion, this court stated:  "Nor has Mrs. White offered any explanation for the more than sixteen-year delay in the filing of her motion. Even motions for relief brought under subdivisions (4) and (5) of the rule must be brought within a 'reasonable time.' For that reason alone, the trial court properly denied her motion for relief."  *White v. White* (Jan. 17, 1997), Montgomery App. No. 16032.  Given this history, the trial court correctly denied Mrs. White's current Motion for Relief from Judgment on the doctrine of res judicata.

{¶ 10} In addition, Mrs. White fails to show that her current motion is timely. She does not explain why she waited roughly 30 years before claiming a portion of Mr. White's pension benefits. Although Mrs. White does not assert this, we recognize the possibility that she might claim to have been unaware of the decree's effect until Mr. White actually started

drawing benefits. Mr. White began receiving pension benefits in 1998. Mrs. White admitted at oral argument that she knew then that he had begun receiving them. Yet she waited 11 years to file the current motion. Lack of awareness could only justify her failure to seek relief for the first 19 years; it could not justify her waiting the 11 more years that transpired. In a similar case, Judge Grady wrote in his concurrence, "Most people don't sit, waiting to grab their hat and run to a lawyer when a problem occurs, especially when that involves revisiting a long-ago and difficult divorce. However, by waiting two years to do that [file a motion asking the court to construe her rights under the divorce decree], [she] slumbered on her rights, and the record contains no compelling justification for her inaction." *Jackson v. Hendrickson*, Montgomery App. No. 21921, 2008-Ohio-491, at ¶74 (Grady, J., concurring). The same is true here. Mrs. White offers no explanation for why she waited so long to seek relief.

**{¶ 11}** Because Motions for Relief from the 1979 judgment have previously been denied, we conclude that the trial court acted properly by denying Mrs. White's Motion for Relief from Judgment filed December 24, 2009.

**{¶ 12}** The judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Vondelere B. White
Konrad Kuczak
Hon. Timothy Wood