**Vondelere B. WHITE, Plaintiff,**

v.

**Curtis WHITE, Judith A. King, and Erin Scanlon, Defendants.**

**Case No. 3:11cv300.**

United States District Court, S.D. Ohio, Western Division at Dayton.

Sept. 21, 2011.

Vondelere B. White, Dayton, OH, pro se.

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. # 3); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. # 5) OVERRULED; CAPTIONED CAUSE ORDERED DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; TERMINATION ENTRY

WALTER HERBERT RICE, District Judge.

Pursuant to the reasoning set forth by the United States Magistrate Judge, in his Report and Recommendations filed September 1, 2011 (Doc. # 3), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Report and Recommendations are adopted in its en-

tirety. The Plaintiff's Objections to said judicial filings (Doc. # 5) are overruled.

In ruling as aforesaid, this Court makes the following, non-exclusive observations:

■ 1. Primarily, this Court does not have jurisdiction to review domestic relations matters arising out of state court. *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Accordingly, this Court is without authority to modify Plaintiff's divorce decree or to make any findings regarding the QDRO that the Montgomery County Court of Common Pleas, Domestic Relations Division, signed and allegedly vacated.

■ 2. The fact that the Plaintiff has withdrawn her request for monetary relief against persons who have absolute judicial immunity, former Judge Judith A. King and Magistrate Erin Scanlon, does not afford this Court subject matter jurisdiction to review, modify or vacate the final order of a state domestic relations court.

■ 3. If in fact the QDRO was replaced by a plan administered under the ERISA Law, a matter given to the exclusive jurisdiction of the federal courts, Plaintiff's identification of a plan, plan administrator, etc., within the body of her objections, does not suffice. She will be given leave to file an amended complaint and, should she decide to do so, she must clearly indicate how she is being deprived of benefits from an ERISA plan, separate and distinct from the actions of the state domestic relations court over which this Court has no power to review.

WHEREFORE, based upon the aforesaid, this Court, in adopting the Report and Recommendations of the United States Magistrate Judge, dismisses the captioned complaint, without prejudice, to the filing of an amended complaint, in conformity with this Court's ruling herein, not later than 30 days from date.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

## REPORT AND RECOMMENDATION, AND ORDER TO THE CLERK OF COURT

MICHAEL J. NEWMAN, United States Magistrate Judge.

■ This *pro se* action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2) reads as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim upon which relief can be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In deciding whether a complaint is "frivolous," the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather, the test is an objective one: does the complaint have an arguable basis in law or fact? *Neitzke v. Williams,* 490 U.S. 319, 323–324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32, 112 S.Ct. 1728.

Plaintiff brings this *pro se* action against Curtis White, the Honorable Judith A. King, and the Honorable Erin Scanlon. According to the Complaint and the documents attached thereto, the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations entered a divorce decree between Plaintiff and Defendant Curtis White in 1979 (Case No. 79–DR–969). (Complaint, Doc. No. 2, PageID 160; Doc. No. 2, Attachment 1, PageID 204). In addition to naming her former husband as a Defendant, Plaintiff also names Judge Judith A. King of the Common Pleas Court of Montgomery County and Magistrate Erin Scanlon of the Ohio Second District Court of Appeals as Defendants for their roles in adjudicating the underlying domestic relations action and subsequent appeals[1] stemming from the original action. (Complaint at PageID 161, 167).

Although Plaintiff does not separately list and number her claims for relief, the Court gathers from her 12–page narrative that she is alleging the following claims: (1) the divorce decree entered by the Common Pleas Court of Montgomery County in 1979 is invalid; (2) Plaintiff and Curtis White entered into a common law marriage shortly after the entry of the divorce decree in 1979; (3) the Common Pleas Court of Montgomery County and the Ohio Second District Court of Appeals erred in denying her motions to allocate to her a portion of Curtis White's pension benefits; and (4) Plaintiff is being deprived of a portion of Curtis White's pension benefits which have been distributed to him since 1998 from a retirement plan administered in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). (*Id.* at PageID 162–173). In addition to seeking $30 million in damages for "all of the years [Plaintiff has] been stepped on by the Defendants, and [is] still being stepped on," Plaintiff has asked this Court to vacate the divorce decree entered by the Common Pleas Court of Montgomery County in 1979 and sign a Qualified Domestic Relations Order (QDRO) to supersede both the Common Pleas Court of Montgomery County's and Ohio Second District Court of Appeals' prior rulings on the issue. (*Id.* at PageID 172, 173).

In its present form, Plaintiff's Complaint fails under § 1915(e)(2)(B) on several grounds. First, this Court does not have jurisdiction to review domestic relations matters arising out of state court. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Thus, this Court is without authority to modify Plaintiff's divorce decree or make any findings regarding the QDRO that the Montgomery County Circuit Court signed and vacated as alleged in the *pro se* Complaint. (Complaint at PageID 162–163). Second, this Court does not have jurisdiction to grant monetary relief against persons who have absolute judicial immunity, which would apply to the domestic relations judge and appellate court magistrate

1. Plaintiff appealed the domestic relations court's denial of her motion asking that court to allocate her a portion of her former husband's pension benefits in *White v. White*, 2011 Ohio 2434 (Ohio Ct.App.2011). In denying Petitioner's claim, the Ohio Second District Court of Appeals noted that Plaintiff has appealed to that court a total of six times since her divorce decree was entered in July 1979.

named as Defendants. *Carlton v. Baird*, 72 Fed.Appx. 367, 368 (6th Cir.2003). Finally, to the extent Plaintiff has any claim that she was wrongfully deprived benefits under a plan administered by ERISA, the Complaint does not name as a Defendant any plan, plan administrator, fiduciary, insurer, employer, or plan service provider as ERISA contemplates. *See, e.g., Harris Trust & Sav. Bank v. Salomon Smith Barney*, 530 U.S. 238, 246–247, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000).

In its present form, the *pro se* Complaint therefore fails under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed without prejudice.

### CONCLUSION

It is therefore **RECOMMENDED** that the Complaint be dismissed without prejudice. The Clerk is therefore ordered **NOT** to issue process in this case.

September 1, 2011