[Cite as *White v. White*, 2015-Ohio-4203.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| VONDELERE B. WHITE | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26658 |
| | : | |
| v. | : | T.C. NO. 79DR969 |
| | : | |
| CURTIS WHITE | : | (Civil Appeal from Common |
| | : |  Pleas Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___9th___ day of _____October_____, 2015.

. . . . . . . . . .

VONDELERE B. WHITE, 4918 Tenshaw Drive, Dayton, Ohio 45418
    Plaintiff-Appellant

KONRAD KUCZAK, Atty. Reg. No. 0011186, 130 West Second Street, Suite 1010, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1}  Vondelere B. White appeals pro se from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which vacated an "Amended Stipulated Qualified Domestic Relations Order" filed on February 10, 2015.

{¶ 2}  For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3}   The history of this case is lengthy and has been discussed by this court in several prior Opinions.   Mrs. White's brief does not set forth any assignments of error, as required by App.R. 16(A)(3), but it is apparent from her brief that she is dissatisfied with the terms and conditions under which her marriage ended, including her exclusion from Curtis White's General Motors pension plan.   Her brief does not address directly the judgment from which she appeals.   Her brief also recites many extraneous facts related to the parties' relationship.   We will confine our discussion to the issues relevant to this appeal, and we will incorporate some of the procedural history set forth in our prior Opinions.

### Procedural History

{¶ 4}   Curtis and Vondelere White were married in 1958 and had several children. They obtained a non-contested divorce in 1979.   Mrs. White has alleged that the parties entered into a "common-law marriage" shortly after their divorce, which continued until approximately 1987, when she initiated another divorce action.   The trial court dismissed the 1987 complaint, concluding that there had never been a common-law marriage.   No appeal was taken from the dismissal of the complaint.

{¶ 5}   In subsequent years, Mrs. White has filed several Civ.R. 60(B) motions, in which she sought relief from the terms of her divorce decree and/or the recognition of her alleged subsequent common-law marriage to Mr. White.   In particular, she has sought to participate in his health care and pension plans on the basis that the divorce decree was invalid or that she had been his common-law spouse for some years after the divorce.

{¶ 6} The trial court has repeatedly found that Mrs. White failed to meet the requirements of Civ.R. 60(B) or had otherwise failed to state a meritorious reason for the

court to review or modify the terms of her divorce, and we have affirmed those findings on appeal. *See White v. White*, 2d Dist. Montgomery No. 11648, 1989 WL 148020 (Dec. 8, 1989); *White v. White*, 2d Dist. Montgomery No. 12459, 1991 WL 116642 (June 28, 1991); *White v. White*, 2d Dist. Montgomery No. 12970, 1992 WL 19314 (Feb. 6, 1992); *White v. White*, 2d Dist. Montgomery No. 13528, 1993 WL 26773 (Feb. 4, 1993); *White v. White*, 2d Dist. Montgomery No. 24391, 2011-Ohio-2434.

{¶ 7} In our 2011 Opinion, which affirmed the trial court's 2010 denial of Mrs. White's request for a qualified domestic relations order (QDRO), which would have permitted her to share in her former husband's pension benefits, we observed:

> * * * [After being informed by Mr. White's pension plan administrator that she needed a QDRO with her name on it to receive a portion of his benefits,] Mrs. White claimed at the hearing that she was also entitled to the pension benefits that she should have received, beginning in October 1998 when Mr. White started receiving pension benefits. The divorce decree, however, does not award her any pension benefits. On cross examination, Mrs. White admitted that she received a copy of the divorce decree soon after the final hearing. But, she told the magistrate, "I didn't agree with the contents of it, but it was over and I couldn't get it changed. I tried to get it amended, but [her attorney] wouldn't do it." (Tr. 9).

> Finding that Mrs. White was again seeking relief under Civ.R. 60(B), despite having been denied relief on that basis multiple times, the magistrate denied the motion. Mrs. White objected to the magistrate's decision.

On November 15, 2010, the trial court overruled her objections and adopted the magistrate's decision. The trial court, too, found that the motion was simply another attempt to modify or set aside the divorce decree. The court concluded that the motion was properly denied on res judicata grounds.

*White v. White*, 2d Dist. Montgomery No. 24391, 2011-Ohio-2434, ¶ 3-5.

**{¶ 8}** In affirming the trial court's judgment, we found that Mrs. White's motion was untimely, that it failed to set forth any basis for relief under Civ.R. 60(A) or (B), and that her claims were barred by res judicata. *Id.*

### *The Current Appeal*

**{¶ 9}** On February 10, 2015, a document entitled "Amended Stipulated Qualified Domestic Relations Order" was filed with the Montgomery County Clerk of Courts under the 1979 case number applicable to the Whites' divorce. The document was file-stamped by the clerk, but it contained several irregularities in its form, including that parts of the document were hand-written and it was not signed by the parties or counsel. In March, Mr. White filed a motion to vacate the purported QDRO on the basis that it was "fraudulent," that there was no QDRO to amend, and that he had not entered into any stipulation with Mrs. White. According to Mr. White's affidavit, Mrs. White then presented the signed entry to the administrators of his pension plan, who were "studying the situation."

**{¶ 10}** On March 30, 2015, the trial court vacated the "Amended Stipulated Qualified Domestic Relations Order," without a hearing; it found that a "facial review" of the document revealed that there was no stipulation, that there was no QDRO to amend,

and that Mrs. White "has lost on this exact issue multiple times in this court and at the Court of Appeals." We infer that the trial court treated the motion to vacate as one filed pursuant to Civ.R 60(B)(3), which permits relief from judgment based upon fraud, misrepresentation, or other misconduct of an adverse party.

{¶ 11} Mrs. White appeals from the trial court's judgment. In addition to her brief, she filed two packets of documents with the Clerk of Courts, which were not part of the trial court record. "An appellate court's review in a direct appeal is limited to the materials in the record and the facts and evidence presented to the trial court." *Yates v. Kanani,* 2d Dist. Montgomery No. 23492, 2010-Ohio-2631, ¶ 24. As such, we will not consider the documents that Mrs. White filed with the clerk directly.

{¶ 12} Although Mrs. White's brief raises many of the issues related to the divorce, health insurance, and pension plan that she has raised in the past, it does not specifically address the court's finding that the "Amended Stipulated Qualified Domestic Relations Order" did not reflect any stipulation by the parties and that there was no QDRO to amend. However, Mrs. White admitted at oral argument that she had not understood the concept of a "stipulated" order when she filed the document and that Mr. White had not, in fact, agreed to the provisions set forth in her "Amended Stipulated Qualified Domestic Relations Order."

{¶ 13} The trial court properly vacated the "Amended Stipulated Qualified Domestic Relations Order" under Civ.R. 60(B)(3), based on the absence of the parties' signatures on the document, Mr. White's assertion that he had entered no stipulation, and Mrs. White's failure to refute his assertion. The trial court also correctly noted that no QDRO was in place to amend. In fact, the trial court previously vacated a similar

"Stipulated Qualified Domestic Relations Order" filed by Mrs. White, noting that it failed to include signatures of the parties or their attorneys and was entered without a "fair hearing" by Mr. White. *White v. White*, Montgomery C.P. No. 79-DR-969 (April 28, 2010).

{¶ 14} Although it is clear that Mrs. White is not satisfied with the course of these proceedings or courts' resolutions of her claims, she has not demonstrated that the trial court committed error in vacating the purported "Amended Stipulated Qualified Domestic Relations Order" filed in February 2015. In fact, she conceded at oral argument that the trial court had properly vacated the order.

{¶ 15} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Vondelere B. White
Konrad Kuczak
Hon. Timothy D. Wood